UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCANNELL, | Case No.  26-cv-01556-LJC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED SUA SPONTE** |
| NICHOLAS BROWN, et al., | |
| Defendants. | |

### A.    Introduction

Plaintiff John Scannell, pro se, brings this action against Nicholas Brown (the Attorney General of the State of Washington), Leesa Manion (the Prosecuting Attorney for King County, Washington), and the City Des Moines, Washington, challenging Scannell's conviction in Washington state court for unlawful practice of law and the constitutionality of the Washington statute on which that conviction was based. *See generally* Compl. (ECF No. 1).  Scannell, like all Defendants, is located in the Western District of Washington. *See id.*, ¶¶ 1, 5–8.  For the reasons discussed below, Scannell is ORDERED TO SHOW CAUSE why this case should not be transferred sua sponte to that district.

### B.    Transfer for Improper Venue

The generally applicable statute governing venue in federal civil proceedings reads as follows:

> (b) Venue in General.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought

> as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise an issue of improper venue sua sponte, so long as the parties are given an opportunity to be heard and the defendants have not waived any objection to improper venue. *Jackson v. Santander Consumer USA*, No. 2:24-cv-09492-SRM-SK, 2025 WL 3152241, at *2 n.2 (C.D. Cal. Oct. 1, 2025) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).

Here, all Defendants—and indeed also Scannell himself—are also located in the Western District of Washington. Scannell acknowledges that "none of the defendants reside in California." Compl. ¶ 11. Venue is therefore not proper in this district under § 1391(b)(1), and would be proper in the Western District of Washington under that provision.

Virtually all of the events on which Scannell bases his claims—most notably, his conviction in Washington state court for unlawful practice of law—occurred in the Western District of Washington. As Scannell himself asserts, "none of the events which gave rise to the claim occurred in California." Compl. ¶ 11. Venue is therefore not proper in this district under § 1391(b)(2), and would be proper in the Western District of Washington under that provision as well.

Scannell asserts that venue is proper in this district under § 1391(b)(3), *see* Compl. ¶ 11, which applies only "if there is no district in which an action may otherwise be brought as provided in this section," 28 U.S.C. § 1391(b)(3). That does not apply here because "this section"— § 1391— would permit the case to be brought in the Western District of Washington under subparts (b)(1) and (b)(2), as discussed above. Scannell contends that he could not bring this case in that or any other district court because they "lack territorial (long arm) jurisdiction to apply their state laws to the Ninth Circuit, who's headquarters and primary offices are located in San Francisco." Compl. ¶ 10. (Scannell asserts that his conviction and the Washington statute at issue

United States District Court
Northern District of California

2

are invalid because he legally practices before the Ninth Circuit. *See, e.g.*, *id.* ¶ 27.) But the doctrine of personal jurisdiction applies only to parties named as defendants in the case, and the Ninth Circuit is not named as a defendant here, or as a party to the case in any other capacity. The Western District of Washington is at least as capable as this Court of adjudicating Scannell's claims.

Scannell's premise is also likely incorrect on its merits. The Ninth Circuit has a substantial presence in the State of Washington and thus would likely be subject to personal jurisdiction there, assuming for the sake of argument some unusual circumstances where a party might be able to bring a valid claim against the Ninth Circuit based on events in Washington. But the Court need not resolve that question, because the Ninth Circuit is not a party here and there is no reason to think it could be. Scannell has not accused the Ninth Circuit of any violation of law. Nor is there any need at this time for the Court to address the validity of Scannell's assertion that the Defendants he has named fall within this Court's personal jurisdiction, because the issue of improper venue appears to provide a more straightforward basis for transfer that would also cure any defect in personal jurisdiction.

Scannell is therefore ORDERED TO SHOW CAUSE why this case should not be transferred to the Western District of Washington sua sponte under 28 U.S.C. § 1406(a) to cure improper venue.

### C.    Transfer for Convenience of Parties and Witnesses

Further, district courts also have broad discretion to "transfer any civil action to any other district or division where it might have been brought" based on "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). A district court may transfer a case sua sponte under that statute. *See Wash. Pub. Utilities Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 326 (9th Cir. 1987).

Here, all parties are located in the Western District of Washington, and it appears likely that most if not all witnesses would be located there as well. No interest of justice or other consideration is apparent that weighs in favor of trying this case in this district, to which it has no apparent connection other than the fact that the Ninth Circuit is headquartered here. Scannell is

United States District Court
Northern District of California

3

therefore also ORDERED TO SHOW CAUSE why this case should not be transferred to the Western District of Washington under § 1404(a), in the alternative to transfer under § 1406(a) discussed above.

### D.    Conclusion

Scannell shall file a response to this Order no later than April 1, 2026.  Any Defendant who wishes to be heard on these issues may file a response by the same deadline.

**IT IS SO ORDERED.**

Dated: March 18, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California