UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN SCANNELL,

          Plaintiff,

    v.

NICHOLAS BROWN, et al.,

          Defendants.

Case No.  26-cv-01556-LJC

**ORDER TRANSFERRING CASE SUA SPONTE TO THE WESTERN DISTRICT OF WASHINGTON**

The Court previously ordered Plaintiff John Scannell, pro se, to show cause why this case should not be transferred sua sponte to the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a), or in the alternative, 28 U.S.C. § 1404(a). *See generally* ECF No. 11.

As discussed in that Order to Show Cause, § 1406(a) provides that when a case has been filed in an improper venue, a district court may "transfer such case to any district or division in which it could have been brought." *Id.* at 2 (quoting § 1406(a)).  A district court may transfer venue sua sponte. *Id.*  Venue is generally governed by 28 U.S.C. § 1391(b), which provides:

> (b) Venue in General.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

As the Court previously stated, venue is proper in the Western District of Washington under both § 1391(b)(1) and § 1391(b)(2) because all parties are located there and essentially all of the events at issue occurred there. ECF No. 11 at 2. Venue is not proper in this district under those subparts because none of the named Defendants are located here and a "substantial part of the events or omissions giving rise to the claim" did not occur here. *See id.* Venue is not proper in this district under subpart (b)(3) because venue is proper in another district—the Western District of Washington—under subparts (b)(1) and (b)(2). *Id.* at 3–4.

Scannell asserted in his Complaint (ECF No. 1), and now argues in his response to the Order to Show Cause (ECF No. 15), that the case could not be brought in the Western District of Washington because his claims implicate the Ninth Circuit's authority to govern attorneys' admission to practice before the Ninth Circuit. Such arguments have nothing to do with venue under § 1391(b). To the extent that Scannell frames his position as a matter of personal jurisdiction (or "long-arm (territorial) jurisdiction," ECF No. 15 at 3), his response fails to address the point stated in the Order to Show Cause that "the doctrine of personal jurisdiction applies only to parties named as defendants in the case, and the Ninth Circuit is not named as a defendant here," ECF No. 11 at 3. To the extent Scannell now also passingly invokes subject matter jurisdiction, ECF No. 15 at 3, the U.S. District Court for the Western District of Washington has essentially the same subject matter jurisdiction as this or any other federal district court. *See, e.g.*, 28 U.S.C. §§ 1331, 1332.

Scannell also argues that this case cannot proceed in the Western District of Washington because a "federal court located in Washington would still be using Washinton law to interfere with court proceedings in the [N]inth [C]ircuit, by forbidding certain attorneys from participating in the [N]inth [C]ircuit court, when . . . only the [N]inth circuit can determine who can or cannot practice before it." ECF No. 15 at 4. But the Western District of Washington is just as a capable as this Court of applying federal law or the law of any other state, to whatever extent such law might properly apply to Scannell's claims. "District courts regularly apply the law of states other than the forum state." *Turrett Steel Corp. v. Manuel Int'l Inc.*, 612 F. Supp. 387, 390 (W.D. Pa. 1985); *see also Ward v. Certain Underwriters at Lloyd's of London*, No. 18-cv-07551-JCS, 2019

United States District Court
Northern District of California

WL 2076991, at *6 n.6 (N.D. Cal. May 10, 2019).

Finally, Scannell suggests that this Court "appears to assume without analysis, that the court could not assert personal jurisdiction against the named defendants because they are located outside of California." ECF No. at 15 at 4. The Court did no such thing. ECF No. 11 at 3 ("*Nor is there any need at this time* for the Court to address the validity of Scannell's assertion that the Defendants he has named fall within this Court's personal jurisdiction, because the issue of improper venue appears to provide a more straightforward basis for transfer that would also cure any defect in personal jurisdiction." (emphasis added)). The Court addressed why personal jurisdiction *over the Ninth Circuit*—a non-party to this case—is irrelevant, ECF No. 11 at 2–3, because "personal jurisdiction" is the more common term for the doctrine that Scannell's Complaint and response reference as "territorial" or "long-arm" jurisdiction, and which he erroneously asserts would prevent the Western District of Washington from adjudicating his claims. *See, e.g.*, ECF No. 15 at 3 (citing *Hanson v. Denckla*, 357 U.S. 235 (1958)); *Hanson*, 357 U.S. at 254 ("The issue is personal jurisdiction . . . .").

Under a straightforward application of 28 U.S.C. § 1391, the only district court where venue is proper for this case is the Western District of Washington, because all defendants are located there and most if not all events at issue occurred there. The Clerk is therefore instructed to TRANSFER this case to the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a), and to close the file in this Court.

Scannell's request for a stay pending appeal is DENIED because he has offered no colorable argument why the case should not be transferred.[1]

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

---

[1] Though not all parties have appeared and consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), such consent is not required for a magistrate judge to transfer a case to another federal district court. *See Gomes v. Mathis*, No. CV 17-7022 SVW (SS), 2019 WL 11720210, at *1 n.2 (C.D. Cal. Aug. 5, 2019) (collecting cases).